RECEIVED
IN ALEXANDRIA, LA.
JUN 16 2009
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| ANDREW FOWLER, ET AL. | CIVIL ACTION NO. 08-216 |
|---|---|
| versus | JUDGE TRIMBLE |
| THE UNITED STATES OF AMERICA | MAGISTRATE JUDGE KIRK |

## O R D E R

Before the court is the government's appeal[1] of the recent order[2] by Magistrate Judge Kirk granting plaintiffs' motion to compel[3] and awarding attorney fees pursuant to Fed. R. Civ. P. 37(a)(5)(A).

The government contends that it was error for the magistrate judge to award attorney fees under Rule 37(a)(5) because it was "substantially justified" in withholding certain responses to interrogatories propounded by plaintiffs.[4] Specifically, the government asserts that plaintiffs' interrogatories of December 5, 2008, requesting "IRS administrative files, an exhibit list, witness list and all facts the United States relied on in denying Plaintiffs' refund claim" were premature given the fact that the government had not yet employed an expert in this case and no depositions

---

[1] R. 37.

[2] R. 30.

[3] R. 19.

[4] R. 37-2 at p. 4, contrasting Washington v. M. Hanna Const., Inc., 299 Fed. Appx. 399 (5th Cir. 2008) and citing Amos v. Jackson, 2007 WL 1347779, *5 (W.D. La. May 8, 2007).

1

had been taken by either party as of that date.[5]

A federal judge may refer to a magistrate judge, with enumerated exceptions, any pretrial matter pending before him.[6] Parties who object to any finding by the magistrate judge may file written objections thereto within ten (10) days of the issuance of the order in question.[7] The district judge shall modify only such portions of the magistrate judge's order which he finds to be clearly erroneous or contrary to law.[8] In making this determination, the district judge may not consider arguments not previously heard by the magistrate judge on the original referred motion.[9]

The court has reviewed the law and argument advanced by the parties and finds that the government has failed to demonstrate that the assessment of attorney fees under Rule 37(a)(5)(A) was clearly erroneous or contrary to law.

Rule 37(a)(5) provides, in part, that if a motion to compel is granted

> the court must, after giving an opportunity to be heard,
> require the party or deponent whose conduct necessitated
> the motion, the party or attorney advising that conduct,
> or both to pay the movant's reasonable expenses incurred
> in making the motion, including attorney's fees. But the court
> must not order this payment if:
> \*        \*        \*
> (ii) if the opposing party's nondisclosure, reponse, or objection
> was substantially justified...

We agree with Magistrate Judge Kirk's assessment of the interrogatories at issue and find

---

[5] R. 37-2 at p. 2.

[6] 28 U.S.C. § 636(b)(1)(A).

[7] Fed. R. Civ. P. 72(a).

[8] Id.

[9] 8 Fed. Proc., L. Ed. § 20:205.

2

that they sought discoverable information in keeping with the basic premise that discovery is necessary to prevent trial by ambush. Although we are aware that discovery was ongoing in this case at the time plaintiffs propounded the interrogatories at issue upon the government, the government had a duty to provide answers which were complete at that time and, upon further discovery, supplement such responses pursuant to Fed. R. Civ. P. 26(e).

Accordingly, the government's appeal of the magistrate judge's assessment of attorney fees associated with plaintiffs' motion to compel is DENIED. It is

ORDERED that plaintiffs shall file a detailed summary of time spent, hourly attorney rates and expenses incurred in conjunction with the motion to compel at issue within twenty (20) days of the issuance of this order. Thereafter, the government shall have twenty (20) days to file any response in opposition to plaintiffs' summary of attorney fees, costs and expenses. It is further

ORDERED that, upon receipt of these briefs from each party, the matter is referred to Magistrate Judge Kirk for determination of the attorney fees, costs and expenses which shall be paid by the government.

THUS DONE AND SIGNED in chambers at Alexandria, Louisiana this _16th_ day of June, 2009.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE