U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

OCT 2 2 2009

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ANDREW FOWLER, ET AL. | CIVIL ACTION NO. 08-216 |
| VERSUS | JUDGE TRIMBLE |
| UNITED STATES OF AMERICA | MAGISTRATE JUDGE KIRK |

### MEMORANDUM RULING

Before the court is a motion to alter or amend judgment[1] filed by defendant, the United States of America ("Government"). For the reasons expressed herein below, the court finds that this motion should be DENIED.

The facts of the above captioned case have been recited extensively by this court in our prior memorandum ruling and judgment, which forms the basis of the government's instant motion. Accordingly, we do not repeat them here.

For the purposes of the motion now before us, it is sufficient to recount that, after a trial on the merits before the undersigned, this court issued a memorandum ruling and judgment reflecting our finding that the government had erroneously abated plaintiffs' federal income tax liability in the amount of $38,713.59 and had not reinstated the tax before the expiration of the applicable statute of limitations.[2] The court further found that, although plaintiffs failed to raise this issue at the administrative level, the government could not assert the variance doctrine in order to defeat our jurisdiction as to this issue because the documentary evidence before us demonstrated that the government was unquestionably aware of the erroneous abatement during

---

[1] R. 81.
[2] R. 79-2 at p. 14.

1

the administrative proceedings in this matter.[3] Finding that we possessed jurisdiction over the abatement issue by virtue of the government's waiver of the variance doctrine, we held that plaintiffs were entitled to a refund in the amount of $38,713.59.

The government's instant motion seeks amendment of that portion of our judgment pursuant to Fed. R. Civ. P. 59(e) on the basis that applicable jurisprudence construes erroneous abatements as ineffectual under 26 U.S.C. § 6211(a) because an abatement resulting from a clerical error is not a refund based on the merits of taxpayer liability and, therefore, does not fit within the scope of the statute of limitations for reinstatement of abated tax. The government asserts that, as such, it had no deadline by which it had to reinstate the tax and, in fact, did not have to reinstate the tax at all because it was never truly abated. The government points to the United States Fifth Circuit Court of Appeals' ruling in <u>Matter of Bugge</u>[4] as support for its position.

Plaintiffs argue that the government's motion is improper under Rule 59(e) because it does not demonstrate a change in controlling law, new evidence not previously available, a clear error of law or the need to prevent manifest injustice. Plaintiffs further argue that the government has not borne its burden of proof in demonstrating that this case fits within an exception to the running of the statute of limitations.

In <u>Matter of Bugge</u>, the Fifth Circuit considered facts similar to those now before this court. There, an Internal Revenue Service ("IRS") Collections Officer mistook notations in the taxpayer's paper and computerized files and, assuming duplicate assessments, erroneously abated $327,379.82 in tax liability. The taxpayer later argued, in the course of his bankruptcy proceeding, that the federal windfall profit tax liability in the amount of $327,379.82 was invalid

---

[3] <u>Id.</u> at p. 15.
[4] 99 F.3d 740 (5th Cir. 1996).

because it was reinstated after the statute of limitations had expired. The court rejected the approach of the bankruptcy court following the reasoning of Crompton-Richmond Co. v. United States[5] and, instead, found the reinstatement proper on the basis that no abatement had ever truly occurred.[6] The court explained that the IRS's authority to abate previously assessed tax is provided for in I.R.C. § 6404(a), allowing abatement of assessments which are (1) excessive in amount; (2) assessed after the expiration of the applicable statute of limitations; or (3) erroneously or illegally assessed.[7] The court reasoned that an erroneous abatement stemming from a clerical error is not an authorized abatement under any of these provisions and, thus, the statute of limitations does not apply.[8] The court further reasoned that the IRS officer's mistaken assumption that a duplicate assessment had been recorded was a clerical error of inadvertence.[9]

The government asserts that, in the case before us, an IRS clerk in Fresno, California inadvertently placed the number three ("3") in front of the proper abatement of $6,252 and, thus, input the erroneous abatement in the amount of $36,252 into the computerized system.

Plaintiffs argue that the IRS's own internal documents show that the erroneous abatement was not due to clerical error. Pointing to their own Trial Exhibit No. 31, entitled "Reinstatement of Erroneously Abated Tax Lead Sheet," plaintiffs cite the following language:

> [a]lthough the RA [revenue agent] contends that an amount of SND taxes were erroneously abated due to a combination of misstatement of fact and clerical error, Legal Counsel and Memphis processing contend that the erroneous abatements of SND tax were the result of a restatement of tax. Therefore, since Legal Counsel and Memphis have made a determination (interpreted) that the abatement error was a restatement of tax, the reassessment of tax after statute expiration is not allowable according to the IRM (See IRM 25.6.7.2.1 etc.)[.]

---

[5] 311 F.Supp. 1184 (S.D.N.Y. 1970).
[6] Bugge, 99 F.3d at 745.
[7] Id. at 744-45.
[8] Id.
[9] Id. at 745.

      The court finds that the government has offered no evidence, save the testimony of Revenue Agent Lud McNeely,[10] to rebut the IRS's determination that the erroneous abatement at issue is not the product of a clerical error. Although we do not find the explanation for the error offered by the government implausible, we recognize that this explanation (including the opinion of Mr. McNeely) was offered to IRS management and rejected after investigation, as evidenced by the language cited above. The government offers no proof that the conclusion arrived at by the IRS, interpreting its own regulations after investigation of the abatement at issue, is erroneous and should be upset by this court. Accordingly, we find that our prior judgment should stand as rendered.

      The court will issue an order in conformity with these findings.

**Alexandria, Louisiana**
**October _____, 2009**

                                                  **JAMES T. TRIMBLE, JR.**
                                                  **UNITED STATES DISTRICT COURT**

---

[10] Tr. 329 – 332.